IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES PHILIP BEYOR,
    Plaintiff,

vs.                                    3:05cv293/LAC/MD

STATE OF FLORIDA, et al.
    Defendants.
_____

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the court on plaintiff's motion for leave to proceed *in forma pauperis* (doc. 3), and writ of mandamus. (Doc. 1). No financial information is attached to the motion for leave to proceed *in forma pauperis*, but because dismissal of the "writ" is warranted, leave to so proceed shall be granted for the purpose of this recommendation.

    Since plaintiff is proceeding *in forma pauperis*, the court must dismiss the case if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to the

plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief.  *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiffs' complaint, the court concludes that it does not, and can not, present an actionable claim.

Plaintiff's pleading entitled "writ of mandamus" seeks relief from the state of Florida and a state court judge for alleged violations of due process and unspecified failures to comply with plaintiff's constitutional rights.  Plaintiff's submission is somewhat difficult to decipher.  However, he appears to seek relief based on the actions of Judge Michael Allen in an ongoing state court criminal proceeding.  First, he maintains that the judge denied a motion to compel, second, that he failed to "enforce" two motions and third that the judge refused to allow plaintiff's attorney to speak on his behalf.

As an initial matter, it is not clear that mandamus is the proper remedy. Typically, suits seeking redress for alleged constitutional violations committed by state actors are brought pursuant to 42 U.S.C. § 1983.  Cases challenging an allegedly unconstitutional conviction or sentence imposed by a state court are brought pursuant to 28 U.S.C. § 2254.  In either case, requiring plaintiff to submit an amended pleading to assert a claim under one of these statutes would not be a prudent use of judicial resources, as dismissal is appropriate.

Furthermore, it is well established that federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *see also, Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992).  "The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved."  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state

proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See *id*.  To the extent that the state court proceedings against the plaintiff are ongoing, this case must be dismissed so he may raise his allegations in state court.

Even if the state court proceedings against him have concluded, to the extent plaintiff seeks relief pursuant to § 1983, relief would not be warranted.  In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct.  at 2372.  Absent such an invalidation, a section 1983 suit must be dismissed.  *Id*.; see also *Harden v. Pataki*, 320 F.3d 1289, 2003 WL 262474 (11th Cir. 2003); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).  Plaintiff may seek any appropriate relief through state appellate courts or post conviction proceedings.

Accordingly, it is ORDERED:

Plaintiff's application to proceed *in forma pauperis* (doc. 3) is GRANTED for purpose of this recommendation.

And it is respectfully RECOMMENDED:

That this cause be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 10th day of August, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 3:05cv177/LAC/MD*